UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>P. VASQUEZ, Warden,<br><br>    Respondent. | No. 1:16-cv-01500-SKO HC<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner, Frank Gonzales, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner presents two grounds for habeas relief: (1) ineffective assistance of trial and appellate counsel, and (2) the trial court erred in rejecting his *Romero* motion.[2] Having reviewed the record and applicable law, the Court will deny the petition.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.
[2] *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996). In a *Romero* motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law.

1

## I. Procedural and Factual Background[3]

16-year-old A.U. was working with his father in the kitchen of a family restaurant when Petitioner walked into the restaurant. A.U. walked to the front counter and asked Petitioner if he could help him. Petitioner gave A.U. a note that read, "This is a robbery. Stay quiet and give me all the money in the cash register and your personal cell phone. I got a gun; so do as I ask." A.U. asked Petitioner if he was serious, to which Petitioner replied, "Oh, yeah."

A.U. did not see a gun, but was afraid. He opened the cash register and gathered the money. Becoming impatient, Petitioner grabbed the money from A.U.'s hand and more money from the cash register. Before leaving the restaurant, Petitioner told A.U. to wait 20 minutes before calling the police or he would come back and shoot A.U. in the head.

A.U.'s father, J.U., was working in the kitchen at the time of the robbery. He noticed a man, Petitioner, enter the restaurant and then leave. Once Petitioner left, A.U. went back into the kitchen and told J.U. that Petitioner had just robbed the restaurant. J.U. called the police to report the crime, then went outside to try to locate Petitioner. He eventually saw him in front of another restaurant and followed him at a distance.

When police officers arrived, J.U. pointed out Petitioner, and later identified a photograph of Petitioner as the perpetrator. A.U. also identified Petitioner as the person who robbed the restaurant. Police officers found the money Petitioner had stolen on him and returned it to J.U. after arresting Petitioner.

At trial, a phone call Petitioner made to his mother after his arrest was played for the jury. Petitioner told his mom he had tried to rob someone and he "got busted for robbery."

---

[3] Factual information is derived from *People v. Gonzales*, (Cal. App. Mar. 7, 2016) (No. F069892), and a review of the record.

2

The prosecutor argued the evidence overwhelmingly proved that Petitioner had robbed the restaurant and had threatened A.U. Defense counsel admitted Petitioner was at the restaurant and took the money, but claimed the prosecution had not met its burden of proof of establishing robbery or a criminal threat, because the prosecutor had failed to establish that A.U. was in "actual fear" during the robbery.

A jury found Petitioner guilty of second-degree robbery (Cal. Penal Code § 212.5(c)); making a criminal threat (Cal. Penal Code § 422); and second-degree burglary (Cal. Penal Code § 460(b)). The court found the following enhancements true: (1) a prior conviction that constituted a strike within the meaning of § 667 (b)-(i); (2) a prior serious felony conviction within the meaning of § 667(a); and (3) three convictions resulting in a prior prison term within the meaning of § 667.5(b). Prior to the trial on the robbery and burglary charges, Petitioner pled no contest to misdemeanor possession of drug paraphernalia (Cal. Health & Saf. Code §11364.1).

Petitioner was sentenced to an aggregated term of five years for the robbery, doubled because of the prior strike, plus five years because Petitioner had a prior serious felony conviction, and two years for the two prior prison term enhancements, for a total term of 17 years. The sentences on the remaining felony counts were stayed pursuant to California Penal Code § 654, and the misdemeanor sentence was imposed consecutively.

On March 7, 2016, the California Court of Appeal ("Court of Appeal") affirmed Petitioner's conviction. The California Supreme Court summarily denied Petitioner's petition for review on May 11, 2016, and summarily denied Petitioner's state petition for writ of habeas corpus on August 10, 2016.

Petitioner filed his petition for writ of habeas corpus with this Court on October 6, 2016. Respondent filed a response on December 20, 2016, and Petitioner filed a reply on January 19, 2017.

## II. Standard of Review

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed after April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must

then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. The State Court Did Not Err in Denying Petitioner's Ineffective Assistance of Counsel Claims

In his first ground for habeas relief, Petitioner alleges both his trial and appellate counsel were ineffective. Specifically, Petitioner contends appellate counsel was ineffective for failing to (1) raise the claim that trial counsel's closing argument constituted ineffective assistance of counsel, and (2) challenge the trial court's *Romero* ruling. (Doc. 1 at 5, 9-13.) Further, Petitioner maintains trial counsel rendered ineffective assistance during closing arguments. *Id*. at 5, 17-20. Respondent counters that the rejection of Petitioner's ineffective assistance of counsel claims by the Court of Appeal was reasonable.

5

### A. Standard of Review for Ineffective Assistance of Counsel Claims

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorney's representation was deficient; and (2) prejudice as a result of such deficient performance. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

Establishing a state court's application of *Strickland* was unreasonable under § 2254 is difficult because the standards under *Strickland* and § 2254 are both "highly deferential." *Harrington v. Richter*, 562 U.S. 86, 106 (2011) (quoting *Strickland*, 466 U.S. at 689). "[W]hen the two apply in tandem, review is 'doubly' so." *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). In the habeas context, under § 2254, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied

*Strickland*'s deferential standard." *Id*.

## B. <u>Ineffective Assistance of Appellate Counsel</u>

Appellate counsel did not raise any claims before the California Court of Appeal. Instead, counsel filed an opening brief that summarized the facts of the case, raised no issues, and requested the appellate court review the record independently pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979).[4] (Lodged Doc. 8.)

Petitioner filed his own brief. He first raised his ineffective assistance of appellate counsel claims in a petition for writ of habeas corpus filed in the California Supreme Court. Because that habeas petition was denied without a written opinion, there is no reasoned state court opinion for the Court to review. This Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Haney*, 641 F.3d at 1171 (internal citations omitted).

Petitioner must show that "there was no reasonable basis" for the California Supreme Court's ruling. *Id*. (quoting *Cullen*, 563 U.S. at 188 (internal quotation marks omitted)). The Court must then decide "what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Id*. (internal quotation marks omitted).

//

//

---

[4] Appointed appellate counsel is required to prepare a brief for the appellate court. *People v. Wende*, 25 Cal. 3d 436, 440 (1979) (citing *People v. Feggans*, 67 Cal. 2d 444 (1967)).

> The brief must set forth a statement of the facts . . ., discuss the legal issues . . ., and argue all issues that are arguable. If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law.

*Id*. In *Wende*, the California Supreme Court held "whenever appointed counsel submits a brief which raises no specific issues," the appellate court must review the entire record.

### 1. Appellate Counsel Was Not Ineffective for Failing to Raise a Claim that Trial Counsel's Closing Argument Constituted Ineffective Assistance of Counsel

Petitioner contends appellate counsel was ineffective because he failed to raise the claim that trial counsel's closing argument constituted ineffective assistance of counsel. (Doc. 1 at 5, 9-13.) Specifically, Petitioner argues appellate counsel should have claimed trial counsel was ineffective when he admitted Petitioner stole the money from the restaurant and only disputed the fear element of the robbery and the criminal threats charges. *Id*. at 10.

Pursuant to California Penal Code § 211, "[r]obbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, *accomplished by means of force or fear*." (emphasis added). California Penal Code § 422(a) defines a criminal threat as:

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . on its face and under circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and immediate prospect of execution of the threat, and thereby *causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety* . . . .

(emphasis added).

During closing argument, Petitioner's counsel conceded Petitioner took the money from A.U., but argued Petitioner was not guilty of robbery, because the robbery was not accomplished "by means of . . . fear":

> Being a defense attorney is kind of tough. I have to make a confession to you guys. At the beginning of this trial I was less than forthright. I give my opening statement because that's what I thought the evidence would show. Ladies and gentlemen, the evidence didn't show that. In fact, the evidence showed just the opposite. As my client said, "Let's keep it real." Let's keep it real; all right? He was in that store, he went in there, and he took that money.

> Now, the issue is does he eat the sheet? Does he be found guilty of everything. I'd submit to you, no, he doesn't.
>
> . . .
>
> There's a lack of fear. Did the People or can the People not fail to prove beyond the highest standard, beyond a reasonable doubt, that [A.U.] was in fear.

(Lodged Doc. 6 at 408.)

Counsel argued "the evidence did not show in this case beyond a reasonable doubt that the fear was used[,]" based on A.U.'s demeanor while testifying. *Id*. at 408-21. Counsel urged the jury to acquit Petitioner on the robbery and criminal threats charges and convict him of burglary and grand theft from a person, which is a lesser included offense to robbery. *Id*. at 420-21.

The evidence in the case overwhelmingly showed that Petitioner was at the restaurant, and demanded and took money from A.U. Both A.U. and J.U. identified Petitioner as the perpetrator; Petitioner was arrested a short distance from the restaurant with a "wad of cash" in his pockets; and Petitioner admitted to his mother that he had been arrested for trying to rob someone. Given the evidence, it was reasonable for trial counsel to focus on the fear elements of robbery and criminal threats.

Trial counsel made a strategic decision to admit Petitioner was at the restaurant and took the money and to, instead, challenge the fear elements of robbery and criminal threats. This Court does not second guess counsel's strategic choice. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (difference in opinion as to trial tactics, generally does not constitute denial of effective assistance); *Bashor v. Risely*, 730 F.2d 1228, 1241 (9th Cir. 1984) (tactical decisions do not amount to ineffective assistance simply because in retrospect better tactics are known to have been available).

//

//

9

Based on this evidence, appellate counsel determined it was not appropriate to challenge trial counsel's decision to concede that Petitioner was at the scene of the crime and took the money. Given the record and the difficulty of proving ineffective assistance of counsel based on strategic decisions, it was reasonable for appellate counsel not to raise the claim that trial counsel was ineffective.

Even if Petitioner could show appellate counsel's representation was deficient, he cannot establish the prejudice element of the *Strickland* test. Petitioner raised the claim that his trial counsel was ineffective in his state court appeal, which the Court of Appeal considered and rejected:

> We reject [Petitioner's] claim because he cannot establish either element of an ineffective-assistance-of-counsel claim. During closing argument, defense counsel was faced with a daunting task. [Petitioner] had been positively identified by A.U. and J.U. as the perpetrator minutes after the robbery took place. He was found with cash stuffed into the pockets of his pants. The amount of cash recovered from [Petitioner] was the same amount that was stolen from the restaurant. Finally, [Petitioner] admitted to his mother he committed the robbery shortly after he was arrested.
>
> In closing argument, defense counsel made a tactical choice to admit [Petitioner] was the perpetrator but attempted to argue he was not guilty of robbery or making criminal threats because the evidence did not prove that A.U. was in fear as a result of [Petitioner's] actions. Had he been successful, [Petitioner] would not have been convicted of robbery, but a lesser offense, and would have avoided any conviction on the criminal-threat count. Given the state of the evidence, we cannot say that defense counsel's tactical decision fell below an objective standard of reasonableness. Moreover, since the evidence overwhelmingly established [Petitioner's] guilt, even if defense counsel had not made this tactical choice, there is no possibility [Petitioner] would have obtained a better result. Therefore, there is no merit to this claim.

(Lodged Doc. 11 at 5.)

Because Petitioner would not have prevailed on this claim even if appellate counsel had raised the claim, Petitioner cannot show that he was prejudiced by appellate counsel's decision not to raise the claim. Accordingly, the Court will deny Petitioner's claim.

//

//

## 2. Appellate Counsel Was Not Ineffective for Failing to Challenging the Trial Court's *Romero* Ruling

Petitioner alleges appellate counsel was ineffective for failing to challenge the trial court's *Romero* ruling. (Doc. 1 at 16.) In a *Romero* motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law. *Romero*, 13 Cal. 4th at 497. With a *Romero* motion, the trial court

> must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.

*People v. Williams*, 17 Cal. 4th 148, 161 (1998).

The trial court found Petitioner's prior felony allegations true; thereafter, defense counsel moved the court to exercise its discretion to dismiss the prior strike allegation in a *Romero* motion. At the sentencing hearing, the trial court gave a tentative decision to deny the *Romero* motion:

> I do not – my tentative is that I do not find merit to the motion. The – among other thoughts leading to that tentative was the fact in reviewing the transcript of the 2008 plea, [Petitioner] was specifically advised of the consequences of a strike and persisted in this action, nevertheless. His criminal history is extensive and pretty much continuous.
>
> [Petitioner], both in his comments to the probation officer in this case and in his characterization of the previous burglary offense, at the very least, seems to minimize his actions.
>
> Bottom line, it does not appear to me that – in fact, it appears t[o] me that [Petitioner] falls squarely within the scheme intended by the legislature with respect to the treating of prior strikes.
>
> So my tentative is to deny the motion.

(Lodged Doc. 7 at 474-75.) Later, the trial court affirmed its tentative ruling denying the *Romero* motion.

In California, a trial court's decision not to dismiss a prior strike is reviewed for abuse of discretion. *People v. Carmony*, 33 Cal 4th 367, 377-78 (2004). A court that denies a *Romero* motion is "presumed to have acted to achieve the legitimate sentencing objectives," and abuses its discretion only in "extraordinary" circumstances. *Id*. at 377 (internal citations and quotation marks omitted.) Based on Petitioner's criminal history and refusal to accept responsibility for the crime, Petitioner cannot show that it was unreasonable for appellate counsel not to raise this claim on appeal, given the unlikelihood of success.

Even if he could show appellate counsel acted unreasonably, Petitioner cannot prove prejudice. Petitioner raised the claim that his trial counsel was ineffective, which the Court of Appeal rejected:

> [T]he refusal to strike a prior conviction will constitute an abuse of discretion in only rare cases. This is not such a case. [Petitioner's] argument is based on the assertion that his prior conviction should not be considered a serious violent felony, and thus did not qualify as a prior-strike conviction. ([Cal. Penal Code] § 667, subds. (c) & (d).) The record shows the prior conviction was for residential burglary ([Cal. Penal Code] § 460, subd. (a)), which is a serious felony. ([Cal. Penal Code] § 1192.7, subd. (c)(18).) [Petitioner] acknowledges these facts but asserts that, because he broke into a detached garage, the crime he actually committed was second-degree burglary which is not a serious felony.
>
> Neither the facts nor the law supports [Petitioner's] argument. First, the documents submitted by [Petitioner] to support his argument in the trial court establish he pled guilty to first-degree burglary as part of a plea agreement. He included with his invitation to the trial court a copy of the reporter's transcript from the plea agreement for the burglary, as well as a police report from that crime. The reporter's transcript establishes that [Petitioner] pled to residential (first-degree) burglary and was advised the conviction would constitute a strike within the meaning of section 667, subdivision (b)-(i), and as a result he would receive additional punishment should he commit a felony in the future. By accepting the offer made by the People, [Petitioner] was sentenced to a low term for the burglary (two years) and a prior prison-term enhancement was dismissed. Because [Petitioner] obtained the benefit of his bargain, and his bargain included the provision that the burglary conviction would be a strike in future felony prosecutions, he is now prohibited from arguing the prior conviction is not a strike.

> (*People v. Segura* (2008) 44 Cal.4th 921, 930-931 [plea agreement a form of contract, the terms of which are binding on both parties].)
>
> Second, the police report submitted to the trial court by [Petitioner] shows that the detached garage into which he broke had been converted into a bedroom and was occupied at the time of the burglary. As such, it was a residence within the meaning of section 460, subdivision (a). (*People v. Cruz* (1996) 13 Cal.4th 764, 776 [inhabited dwelling is place used as sleeping quarter and occupant intends to continue to do so in future].)
>
> Finally, as the trial court observed, [Petitioner] falls squarely within the legislative scheme for the three strikes law. Section 667, subdivision (b), declares the Legislature's intent to provide increased punishment for those convicted of a felony and who had previously been convicted of a serious felony and had an extensive criminal history beginning in 1989 and continuing up until the current conviction. While most of the convictions were for misdemeanors, the probation report indicates there were at least three felony convictions that resulted in commitments to the Department of Corrections. The report also indicates [Petitioner] violated his parole or probation on numerous occasions. This report provides no evidence to suggest [Petitioner] fell outside the three strikes legislative scheme. Accordingly, the trial court acted well within its discretion when it refused to dismiss the prior-strike conviction.

(Lodged Doc. 11 at 10-11.)

The Court of Appeal considered the claim that Petitioner's counsel was ineffective and rejected it. Because Petitioner would not have prevailed on this claim even if appellate counsel had raised the claim, Petitioner cannot show that he was prejudiced by appellate counsel's decision not to raise the claim. Accordingly, the Court will deny Petitioner's claim.

### C. Rejecting Petitioner's Claim that Trial Counsel's Closing Argument Rendered Ineffective Assistance Was Reasonable

Petitioner alleges trial counsel was ineffective by conceding during closing argument that Petitioner was at the scene of the crime and took the money from A.U. (Doc. 1 at 5, 17-20.)

//

//

13

The Court of Appeal rejected Petitioner's ineffective assistance of trial counsel claim:

> We reject [Petitioner's] claim because he cannot establish either element of an ineffective-assistance-of-counsel claim. During closing argument, defense counsel was faced with a daunting task. [Petitioner] had been positively identified by A.U. and J.U. as the perpetrator minutes after the robbery took place. He was found with cash stuffed into the pockets of his pants. The amount of cash recovered from [Petitioner] was the same amount that was stolen from the restaurant. Finally, [Petitioner] admitted to his mother he committed the robbery shortly after he was arrested.
>
> In closing argument, defense counsel made a tactical choice to admit [Petitioner] was the perpetrator but attempted to argue he was not guilty of robbery or making criminal threats because the evidence did not prove that A.U. was in fear as a result of [Petitioner's] actions. Had he been successful, [Petitioner] would not have been convicted of robbery, but a lesser offense, and would have avoided any conviction on the criminal-threat count. Given the state of the evidence, we cannot say that defense counsel's tactical decision fell below an objective standard of reasonableness. Moreover, since the evidence overwhelmingly established [Petitioner's] guilt, even if defense counsel had not made this tactical choice, there is no possibility [Petitioner] would have obtained a better result. Therefore, there is no merit to this claim.

(Lodged Doc. 11 at 5.)

Trial counsel made a strategic decision to admit Petitioner took the money from A.U., and, instead, challenge the fear element of robbery and criminal threats. The Court "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The Court of Appeal's determination that counsel made a strategic decision was not an unreasonable application of the standard set forth in *Strickland*. *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1983) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel.") (citing *Strickland*, 741 F.2d at 690).

Counsel made a strategic decision to admit Petitioner was the perpetrator—based on overwhelming evidence. This Court will not second guess counsel's strategic choice at this point. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (difference in opinion as to trial tactics, generally does not constitute denial of effective assistance); *Bashor v. Risely*, 730 F.2d 1228, 1241

(9th Cir. 1984) (tactical decisions do not amount to ineffective assistance simply because in retrospect better tactics are known to have been available). Accordingly, the Court of Appeal's decision rejecting Petitioner's claim was not an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

**IV.     Petitioner's Prior Strike Claim Is Not Cognizable on Federal Habeas Review**

In his second ground for habeas relief, Petitioner alleges the trial court abused its discretion in denying his *Romero* motion. (Doc. 1 at 5, 14-16.) Respondent counters that this claim is a matter of state sentencing law that is beyond the scope of federal habeas relief. (Doc. 10 at 20.)

Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

Here, Petitioner does not allege a violation of his Constitutional rights, but instead alleges an error in state law. Claims alleging a misapplication of state sentencing laws involve questions of state law that are not cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The Court notes that in his reply to Respondent's response, Petitioner "agrees that a [*Romero*] motion is not cognizable in the federal courts." (Doc. 13 at 9.) For these reasons, the Court will deny relief on this claim.

**V.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a

15

certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

**VI.     Conclusion**

Based on the foregoing, the Court hereby DENIES with prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability. The Clerk of the Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:  **August 7, 2018**                                         /s/ *Sheila K. Oberto*
                                                                             UNITED STATES MAGISTRATE JUDGE